UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LUCIO CELLI,

                Plaintiff,

       -against-

JUDGE ENGELMAYER; JUDGE LIVINGSTON;
JUDGE DONNELLY; AG GARLAND; AUSA
PEACE; AUSA KARAMIGIOUS; JUDGE
MATSUMOTO; OFFICER LOMBARDO; MS.
WEINRAUCH; MS. KELLAMAN; MR. PEREZ;
RANDI WEINGARTEN; JUDGE COGAN; MR.
SILVERMAN,

                Defendants.[1]
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

22-CV-04646 (TJM)

THOMAS J. McAVOY, United States District Judge:

*Pro se* plaintiff Lucio Celli filed this action in the United States District Court for the Eastern District of New York against, among others, United States District Court Judges Paul A. Engelmayer, Ann M. Donnelly, Kiyo A. Matsumoto, and Brian M. Cogan, United States Court of Appeals Judge Debra Ann Livingston, United States Attorney General Merrick Garland, several Assistant United States Attorneys ("AUSA"), Plaintiff's former criminal defense attorneys, and Randi Weingarten of the American Federation of Teachers. Plaintiff appears to bring this action pursuant to 42 U.S.C. § 1983, and the Court will liberally construe Plaintiff's complaint as asserting claims against the defendants, who are federal officials under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff also filed a number of motions seeking relief on various grounds.[2]

---

[1] The Clerk of Court is respectfully directed to correct the spelling of Defendants names as listed on the docket as indicated in the instant caption.

[2] See dkt. #s 3, 7-8, 10-12.

1

By Order dated December 13, 2022, Chief Judge Margo K. Brodie reassigned the instant action to the undersigned.

For the reasons stated below, Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted, and the complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted. Accordingly, Plaintiff's motions seeking various relief, dkt. #s 3, 7-8, 10-12, are denied as moot.

## Background

Plaintiff Lucio Celli was involved in several civil actions in connection with his work as a teacher employed by the New York City Department of Education. *See, e.g., Celli v. New York Dept. of Ed,* No. 21-CV-10455 (S.D.N.Y. Jan 3, 2022) (complaint dismissed because Section 1983 was not the proper vehicle to challenge a criminal conviction and the Court did not have diversity jurisdiction over his state law claims); *Celli v. Cole*, No. 15-CV-3679 (E.D.N.Y. Jan. 9, 2017) (dismissing with prejudice amended complaint "filled with extensive rants, rambling allegations, and many vulgar ad hominem attacks"); *Combier v. Portellos*, No. 17-CV-2239 (E.D.N.Y. Sept. 29, 2018) (complaint alleging that Defendant Celli had falsely accused plaintiff of unauthorized practice of law and had sent emails with false and damaging information about plaintiff using his DOE email account). Thereafter, Plaintiff was charged with and pleaded guilty to transmitting threats to injure another in violation of 18 U.S.C. § 875(c) in connection with emails sent to District Judges Brian M. Cogan and Margo K. Brodie and other public officials. *See United States v. Celli*, 1:19-CR-00127 (PAE) (ST) (E.D.N.Y. July 20, 2021).

Plaintiff's instant 205-page complaint is far from a model of clarity. Plaintiff names as defendants the individuals who were involved in his criminal proceeding, both in the District Court and the Court of Appeals. As best as can be ascertained, Plaintiff takes issue with events that transpired in his criminal case before visiting Judge Paul A. Engelmayer. Plaintiff asserts

2

that AUSA Peace and AUSA Karamigious conspired with Judge Cogan and Judge Engelmayer to deny him his constitutional rights. (Compl., ECF No. 1 at pg. 15.) Plaintiff further asserts that defense attorneys Kellman and Silverman, along with AUSA Karamigious and Judge Engelmayer, deprived him of a fair hearing. (*Id*. at pg. 2.) Plaintiff asserts that Judges Cooper, Swain, and Siebel covered up Judge Engelmayer's criminal conduct. (*Id*.) Since filing the complaint, Plaintiff has filed numerous motions.

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring the sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations

omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## Discussion

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured.

42 U.S.C. § 1983. *Bivens* is the federal counterpart to Section 1983. *See Arar v. Ashcroft,* 585 F.3d 559, 571 (2d Cir. 2009) ("The purpose of the *Bivens* remedy 'is to deter individual federal officers from committing constitutional violations.'") (quoting *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 70 (2001)); *accord FDIC v. Meyer,* 510 U.S. 471, 485 (1994).

### A. Challenges to Criminal Conviction

At the outset, the Court notes that to the extent that Plaintiff seeks to assert that his criminal conviction is unjust, a civil rights action is not the proper vehicle to challenge his conviction. Instead, challenges to the constitutionality of a federal conviction must be raised on

4

direct appeal or in a motion pursuant to 28 U.S.C. § 2255.[3] *See Jiminian v. Nash*, 245 F.3d. 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"); *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (noting that a petition for a writ of habeas corpus, not a civil rights action, is the remedy for a prisoner seeking to challenge the fact or duration of his confinement).

### B. Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *Ojeda v. Mendez*, No. 20-CV-3910, 2021 WL 66265, at *2 (E.D.N.Y. Jan. 7, 2021); *Nieves v. Liman*, No. 20-CV-9503, 2020 WL 7248856, at *2-3 (S.D.N.Y. Dec. 7, 2020) (discussion of the doctrine of judicial immunity in the context of claims under *Bivens* against a federal judge). Judicial immunity "is not overcome by allegations of bad faith or malice," nor can judges "be deprived of immunity because the action [the judge] took was in error ... or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11, 13 (second alteration in original); *Witcher v. Moriber*, No. 21-CV-6168, 2022 WL 1085297, at *1 (E.D.N.Y. Apr. 11, 2022). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation ...." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of all

---

[3] By mandate dated May 10, 2022, the United States Court of Appeals denied Plaintiff's petition for a writ of mandamus in his criminal action finding that the mandamus petition does not depart from Plaintiff's "prior pattern of vexatious filings." *See USA v. Celli*, No. 19-cr-00127-PAE-ST (ECF No. 231.)

5

jurisdiction." *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature).

Plaintiff's claims under *Bivens* against District Court Judges Paul A. Engelmayer, Ann M. Donnelly, Kiyo A. Matsumoto, Brian M. Cogan, and United States Court of Appeals Judge Debra Ann Livingston all arise from the judge's decisions made in their judicial capacities with regard to Plaintiff's prior actions. These judges are therefore immune from suit under the doctrine of judicial immunity. Accordingly, the Court dismisses Plaintiff's claims under *Bivens* against Judges Engelmayer, Donnelly, Matsumoto, Cogan, and Livingston. *See* 28 U.S.C. § 1915(e)(2)(B).

C.  **Prosecutorial Immunity**

The Court must further dismiss Plaintiff's claims under *Bivens* against AUSA Peace and AUSA Karamigious. Prosecutors are immune from civil suits for damages for acts committed within the scope of their prosecutorial duties where the challenged activities are not investigative in nature but are instead "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)); *Tigano v. U.S.,* 527 F. Supp. 3d 232, 243 (E.D.N.Y. 2021).  Here, Plaintiff's claims against AUSA Peace and Karamigious are based on their actions within the scope of their prosecutorial duties and associated with the conduct of the criminal proceeding they prosecuted against Plaintiff. The doctrine of prosecutorial immunity thus bars Plaintiff's claims under *Bivens* against AUSA Peace and AUSA Karamigious. *See* 28 U.S.C. § 1915(e)(2)(B).

      D.      **Claims against Defense Attorneys**

Plaintiff appears to allege that criminal defense attorneys Benjamin Silverman, Susan Kellman, and Mr. Perez provided ineffective representation. Because Section 1983 imposes liability for constitutional violations by state actors only, Silverman, Perez, and Kellman, as private persons, are beyond the scope of Section 1983 liability. Because Plaintiff fails to allege any facts that could plausibly suggest that Silverman or Kellman were state actors or were acting under color of state law at the time of the alleged civil rights violations, Plaintiff cannot state a Section 1983 claim against them. *See Licari v. Voog*, 374 Fed. Appx. 230, 231 (2d Cir. 2010) ("It is well established that private attorneys—even if the attorney was court appointed—are not state actors for the purposes of [Section] 1983 claims."); *Harvey v. Queens County D.A.,* No. 18-CV-5373, 2020 WL 837357, at *3 (E.D.N.Y. Feb. 20, 2020). To the extent that Plaintiff seeks to raise a claim of ineffective assistance of counsel, he may do so during post-conviction proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Randolph v. Suffolk County D.A.'s Off.*, No. 21-CV-841, 2021 WL 1124603, at *3–4 (E.D.N.Y. Mar. 24, 2021). Accordingly, Plaintiff's claims against Defendants Silverman, Perez, and Kellman are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

      E.      **Sovereign Immunity**

The doctrine of sovereign immunity bars federal courts from hearing suits against the federal government, including suits against individual federal officers in their official capacities, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are ... barred under the doctrine of sovereign immunity, unless such immunity is

waived."). Consent to suit "must be 'unequivocally expressed' in statutory text and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (citing *United States v. Nordic Village Inc.*, 503 U.S. 30, 33 (1992)); *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005). Plaintiff sues Attorney General Merrick Garland but he makes no plausible allegation against that Defendnat.  Since Attorney General Garland acting in his official capacity is entitled to sovereign immunity and Plaintiff has not identified any basis for invalidating that immunity, Plaintiff's claim against Defendant Garland is dismissed on that basis. *See* 28 U.S.C. § 1915(e)(2)(B).

### F.     Remaining Defendants

To state a claim under *Bivens* against an individual federal officer or employee or Section 1983 against a state actor, a plaintiff must allege facts showing the individual's direct and personal involvement in the alleged constitutional deprivation. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006); *see also Raspardo v. Carlone,* 770 F.3d 97, 115-116 (2d Cir. 2014) ("If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against th[at] defendant . . . § 1983 requires individual, personalized liability on the part of each government defendant."). Plaintiff has alleged no comprehensible facts against Randi Weingarten, Officer Lombardo, or Ms. Weinrauch, much less facts plausibly alleging direct and personal involvement in a constitutional violation.  The Court therefore dismisses Plaintiff's claims against these individuals. *See* 28 U.S.C. § 1915(e)(2)(B).

### Warning

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000)

(citations and internal quotation marks omitted). Plaintiff is warned that the future filing of repetitive, vexatious and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotations and citations omitted)); *Shukla, Pl., v. Deloitte Consulting LLP, Def.*, No. 19-CV-10578, 2021 WL 2418841, at *5 (S.D.N.Y. June 14, 2021); *Pierre v. U.S. Postal Serv.*, No. 18-CV-7474, 2019 WL 653154, at *4 (E.D.N.Y. Feb. 15, 2019).

## Conclusion

For the reasons stated above, Plaintiff's *pro se* complaint, filed *in forma pauperis*, is dismissed with prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's pending motions are dismissed as moot.

The Clerk of Court is respectfully directed to enter judgment, to mail a copy of the judgment and this Memorandum and Order to the *pro se* Plaintiff at his last known address,[4] to note the mailing on the docket, and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Binghamton, New York
       March 28, 2023

THOMAS J. McAVOY
United States District Judge

---

[4] The Court notes that Plaintiff was released from custody and has failed to provide the Court with a new address. (ECF No. 15.)